COVINGTON, Judge:
This is an appeal from a judgment in a partition suit. The appellant complains of the fractional interests of the parties as found by the trial court. The court below decreed that the parties were the owners of the subject property in the proportion of an undivided 802/1600 interest to Howard M. Stafford, an undivided 260/1600 interest to Agnes Edmonston Evans, an undivided 260/1600 interest to Lillie Edmon-ston Hacker, an undivided 100/1600 interest to the community of acquets and gains existing between Agnes Edmonston Evans and Rudolph Evans, an undivided 100/1600 interest to Alton B. Edmonston, and an undivided 78/1600 interest to the heirs of Peggy Faye Edmonston; and decreed the partition by licitation of the subject property. We amend and affirm.
The plaintiff-appellee, Howard M. Stafford, filed suit for a partition by licitation of certain immovable property situated in the Parish of Ascension, Louisiana. Stafford is an owner in indivisión of the subject property with Agnes Edmonston Evans, Lillie Edmonston Hacker, the community of acquets and gains existing between Agnes Edmonston Evans and Rudolp Evans, Alton B. Edmonston, and the heirs of Peggy Faye Edmonston.
The property in question is incapable of division in kind without a diminution in value, and all parties have stipulated that a partition by licitation was necessary, because of the varying interest of the co-owners and the fact that some of the co-owners were absentees.
The determination of the interest of the several parties depends primarily upon the interpretation of the conveyance from Ida Edmonston Roddy to Arthur L. Edmon-ston, dated March 29, 1952, of record in Conveyance Book 95, folio 239, Ascension Parish, Louisiana, in which the vendor conveys “all of her undivided one-eighth interest” in the particular property.
The subject property has been the object of several conveyances and has been involved in several successions. The property was acquired by Arthur R. Edmonston, during the existence of the community of acquets and gains between him and Ida Daigle Edmonston, on December 13, 1919, recorded in Conveyance Book 61, folio 519, in Ascension Parish, Louisiana. They had five children. In 1924, Ida Daigle Edmon-ston died intestate, survived by her husband, Arthur R. Edmonston, and her chil *296 dren, Agnes Edmonston (wife of Rudolph Evans), Lillie Edmonston (wife of Marvin Hacker), Ida Edmonston (wife of William Roddy), Arthur Leo Edmonston and Joseph O. Edmonston. Thereafter, Arthur R. Edmonston married Estelle Marchand Edmonston, and they had three children, Murphy H. Edmonston, Wanda G. Edmon-ston (wife of Alvin R. Mire), and Alton B. Edmonston. Subsequently, Joseph O. Edmonston died about 1945, survived by his wife, Verba Brown, and two children, Joseph R. Edmonston and Harry L. Ed-monston.
Arthur R. Edmonston died intestate on August 11, 1951, survived by his second wife, seven children and two grandchildren.
On March 29, 1952, Ida Edmonston Rod-dy made the above mentioned conveyance of all of her undivided one-eighth interest. At the time of this conveyance, Mrs. Rod-dy owned a 13/80 or 26/160 interest (having inherited a 1/10 interest from her mother and a 1/16 interest from her father) .
On December 29, 1956, Murphy H. Ed-monston conveyed “all of his undivided one-eighth interest” in the property to Agnes Edmonston Evans during the existence of the community between her and Rudolph Evans. The deed contains the recitation that the vendor is conveying the interest he “acquired by inheritance from his father.” The deed is of record in Conveyance Book 119, folio 495 in Ascension Parish.
Arthur L. Edmonston died intestate on August 25, 1953, survived by his second wife, Jessie Dixon Edmonston, and four children of that marriage, namely Malcolm Leo Edmonston, Ruth Dale Edmonston, Kirby G. Edmonston, and Arthur Lane Ed-monston; he was also survived by another child, Peggy Faye Edmonston, born of his prior marriage to Elma Newchurch.
At the time of his death, Arthur L. Ed-monston owned an interest in the property as his separate property which he inherited from his parents, and also an interest which he acquired from Ida Edmonston Roddy by the March 29, 1952 deed. Since the deed did not contain the required recitals to make the property separate property, this interest is considered community property.
On December 10, 1964, Wanda G. Ed-monston Mire conveyed her interest to Stafford, of record in Conveyance Book 183, folio 95 in Ascension Parish. On February 4, 1965, Kirby G. Edmonston conveyed his interest to Stafford, of record in Conveyance Book 183, folio 262 in Ascension Parish. On September 3, 1966, Harry L. Edmonston conveyed his interest to Stafford, of record in Conveyance Book 195, folio 12 in Ascension Parish. On April 10, 1967, Joseph R. Edmonston conveyed his interest to Stafford, of record in Conveyance Book 199, folio 646 in Ascension Parish. On February 17, 1968, Jessie Dixon Edmonston conveyed her interest to Stafford, of record in Conveyance Book 206, folio 577 in Ascension Parish. On February 17, 1968, Arthur Lane Edmon-ston conveyed his interest to Stafford, of record in Conveyance Book 206, folio 580 in Ascension Parish. On June 20, 1968, Ruth Edmonston Bourgeois conveyed her interest to Stafford, of record in Conveyance Book 209, folio 843 in Ascension Parish. On September 13, 1968, Malcolm L. Edmonston conveyed his interest to Stafford, of record in Conveyance Book 212, folio 92 in Ascension Parish.
On June 30, 1969, Ida Edmonston Roddy conveyed “All of her undivided one-fifth (1/5) interest in” the subject property to Agnes Edmonston Evans, wife of Rudolph Evans, who purchased for her separate estate. The deed also contains the recital that “The interest of vendor in the above described property having been acquired by her by inheritance from her mother, the late Ida Daigle Edmonston; vendor having previously conveyed the 1/8 interest inherited from her late father, Arthur R. Ed- *297 monston.” The deed is of record in Conveyance Book 218, folio 741, in Ascension Parish.
Peggy Faye Edmonston died in 1969, survived only by her mother, Elma New-church.
By virtue of the foregoing conveyances, Howard M. Stafford, plaintiff-appellee, contends that he is the owner of an undivided 802/1600 interest in the subject property. The defendants-appellants dispute this contention; they assert that this fractional interest is based on an erroneous interpretation of the deed from Ida Edmon-ston Roddy to Arthur L. Edmonston on March 29, 1952.
The resolution of the instant dispute depends on the interpretation placed upon the phrase “All of her undivided one-eighth interest in and to” the subject property contained in the description of the property conveyed by Mrs. Roddy to Arthur L. Ed-monston. It is the plaintiff-appellee’s contention, which prevailed at the trial, that the word “all” controls the disposition, so that the deed in question conveyed all of Mrs. Roddy’s interest in the subject property (which was 13/80 or 26/160 at the time). Defendants-appellants take the position that the fractional expression prevails over the word “all”, so that the deed in question conveyed a 1/8 or 10/80 or 20/160 interest in the subject property.
We agree with appellant’s position that the whole interest of Mrs. Roddy was not conveyed, nor intended to be conveyed. The specific fractional interest recited in the deed controls the interest conveyed. We find support for our holding in the case of Sabatier v. Bowie Lumber Co., 129 La. 658, 56 So. 628, 629 (1911).
In Sabatier the court said:
“The first question to be considered is whether Eugene Sabatier sold to Firmin Thibodaux the whole tract of land, or only an undivided sixth interest therein. It is admitted that, at the date of said conveyance, Eugene Sabatier was owner of the entire tract.
On September 30, 1895, Eugene Sabatier sold to Firmin J. Thibodaux the following described property, to wit:
‘The undivided one-sixth of a certain tract of land, situated in this parish, on the left bank of Bayou Lafourche, at about fifteen miles below the town of Thibodaux, and at forty arpents from the bayou, being the rear or double concession of the tract formerly belonging to J. B. Guedry.
‘The tract of land presently sold being the number twenty-three (23) on the plan of Bougerol, deputy surveyor of the United States, and originally deposited in the office of T. H. Seghers, notary public of New Orleans, and being known as plan number forty-two (42).
‘This land was bought by G. Sabatier from the city of New Orleans, by act before C. E. Fortier on the first of February, 1860.
‘The present vendor sells all of his rights, titles, and interest in the same, being the one undivided one-sixth of said property.’
The argument of counsel for defendant that the whole tract was conveyed is based entirely on the last paragraph above quoted. If that was all the description of the interest conveyed, the authorities cited in behalf of the defendant would be applicable. But, taking the description as a whole, we find that the vendor conveyed specially ‘the one undivided one-sixth of the tract,’ and the subsequent recital is a mere declaration that the interest so conveyed represented the vendor’s entire right, title, and interest in the property. Dr. Sabatier was in error as to the extent of his interest in the tract of land sold to Thibodaux. He supposed that it was one-sixth from the fact that the heirs of Gustave Sabatier *298 were a nephew and five nieces, children of a predeceased brother and sister. Plaintiff inherited one-half of the estate as the sole heir of his father, and the nieces inherited the other half as the sole heirs of their mother. The heirs of the sister, prior to said sale, had renounced the succession, and the plaintiff had become sole owner of the property. But the fact of this renunciation was not known to the plaintiff. But without considering these outside facts, the recitals of the deed suffice to show that Dr. Sabatier was under the impression that he owned only one undivided sixth of the property. We agree with the judge below that the whole property was not conveyed, nor intended to be conveyed.”
The court held that only an undivided one-sixth interest in the property was conveyed by the deed. A similar result was reached by the court in Snelling v. Adair, 196 La. 624, 199 So. 782 (1940); see also Cutshaw, Problems in Description of Land in Louisiana (Comment), 23 La.L.Rev. 561 (1963).
At the time of the disputed conveyance, Mrs. Roddy owned an undivided 1/5 interest in her mother’s one-half of the community and an undivided 1/8 interest in her father’s one-half of the community (or 13/80 or 260/1600). The deed recites that she conveyed “all of her undivided one-eighth interest.” At the trial Mrs. Roddy testified that the one-eighth interest she intended to convey was the property she inherited from her father. Mrs. Roddy’s subsequent actions are consistent with her declared intent and with the recitation in the disputed conveyance. She continued to consider that she had retained a fractional interest in the subject property. She received money on oil leases. And, later she sold her remaining fractional interest to Agnes Edmonston Evans on June 30, 1969, conveying “All of her undivided one-fifth (1/5) interest” in the subject property, with a subsequent recital “the interest of vendor in the above described property having been acquired by her by inheritance from her mother, the late Ida Daigle Ed-monston; vendor having previously conveyed the 1/8 interest inherited from her late father, Arthur R. Edmonston.”
The case of Birch v. Watson, 23 So.2d 345, 347 (La.App., 1 Cir. 1945), indicates that the intention of the parties may be shown by parol evidence and by the acts and conduct of the parties with references to the property conveyed. See also James v. LeBlanc, 95 So.2d 175, 180 (La.App., 1 Cir. 1957).
Accordingly, the judgment of the trial court is amended to recognize the plaintiff and the defendants to be the owners in in-división of the property herein sought to be partitioned which property is described as follows:
A certain tract of land situated in the Parish of Ascension, being the North Half of the East Half of the Southeast Quarter of Section 32, Township 8 South, Range 3 East, Southeastern District of Louisiana, containing forty (40) acres. LESS AND EXCEPT: the south four (4) acres of said property conveyed by Arthur L. Edmonston by deed recorded October 30, 1951 in C.O.B. 94, folio 255 of Ascension Parish.
in the proportion of an undivided 748/1600 interest to Howard M. Stafford, an undivided 320/1600 interest to Agnes Edmon-ston Evans, an undivided 260/1600 interest to Lillie Edmonston Hacker, an undivided 100/1600 interest to the community of ac-quets and gains existing between Agnes Edmonston Evans and Rudolph Evans, an undivided 100/1600 interest to Alton B. Edmonston, and an undivided 72/1600 interest to the heirs of Peggy Faye Edmon-ston. In all other respects the judgment of the trial court is affirmed. The costs of this appeal to be paid by the appellee; all other costs to be borne by the mass, as fixed by the trial court.
AMENDED AND, AS AMENDED, AFFIRMED.