Johnny Glover and Marsha K. Glover were divorced in 1987, after 24 years of marriage. Two children, both now adults, were born of the marriage. The parties reached an agreement as to alimony and property division, and that agreement was incorporated by the court into the divorce judgment. The judgment provided, among other things, that the husband was to pay periodic alimony of $415 a week, until the wife died or remarried, but "in no event longer than 120 consecutive months following the rendition of a[j]udgment of [d]ivorce in this cause." The court *Page 220 
entered the divorce judgment on January 14, 1987.
In 1992, the wife moved for a contempt order, alleging that the husband had not complied with the divorce judgment, and moved for a modification of the periodic alimony provision. The trial court found the husband in contempt and ordered him to pay $43,000, representing an arrearage of alimony owned plus interest. To satisfy the judgment, the court directed the husband to pay $200 a month and a $3,000 lump sum each year until the arrearage was satisfied. The trial court modified the future periodic alimony and ordered the husband to pay alimony of $500 a month. The court expressly reserved the right to modify the judgment and provide for support beyond the 120 months.
On January 30, 1997, the wife filed a motion to modify the alimony provisions of the divorce judgment. She also asked the court to modify the 1992 judgment by awarding interest on the $43,000. The trial court held a hearing on the issue of modifying periodic alimony on June 17, 1997. The trial court ordered the husband to pay $300 a month periodic alimony for 3 more years. The trial court held a hearing on September 23, 1997, to determine the arrearage interest issue. The trial court's judgment provides that the husband awes the wife $23,849.32 in alimony arrearage and that 7% interest is to "run" with the arrearage and that the husband is to pay the wife $200 a month until the judgment is satisfied. The husband appealed.
A decision to modify an award of periodic alimony is within the trial court's discretion and will not be disturbed on appeal except for an abuse of discretion. Stevens v. Stevens,641 So.2d 825, 827 (Ala.Civ.App. 1994). An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Taylor v. Taylor, 640 So.2d 971, 973
(Ala.Civ.App. 1994). Thus, the moving party must show a material change in the financial ability of the payor spouse to respond to those needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs. Stevens, 641 So.2d at 827. We further note that an alimony arrangement based on an agreement of the parties should be modified only for clear and sufficient reasons and only after a thorough investigation.Stewart v. Stewart, 536 So.2d 91, 93 (Ala.Civ.App. 1988); citingVines v. Vines, 409 So.2d 839 (Ala.Civ.App. 1981).
The husband argues that the trial court erred in modifying the periodic alimony because, he argues, the evidence was insufficient to establish a change in circumstances.
The husband's argument in his brief to this court on that issue comes close to failing to meet the requirements of Rule 28, Ala.R.Civ. P., because the husband cites authority only for a general proposition of law. However, out of an abundance of caution, we will address this issue on the merits. Upon review of the record, we find there was sufficient evidence to support the trial court's finding, and, therefore, we will briefly address the issue.
The record reveals that while the parties were married, the husband was a contractor and built several homes. The husband's business was very successful during the later years of the marriage and at the time of the parties' divorce. During the marriage, the wife was a homemaker.
The trial court heard testimony only from the husband and wife. The wife testified that she had changed jobs several times since 1992. At the time of the hearing, the wife was working for the City of Gulf Shores and was earning $6 an hour. The wife has attended college on and off for the past several years. She expects to complete a two-year degree in a few months. She testified that she planned on continuing her education and wished to attend Auburn University.
Two years ago, the wife was diagnosed with a chemical disorder and, as a result of that disorder, she suffers depressed and tiredness. She has undergone psychological treatment. She presently participates in the city's vocational rehabilitation services. The rehabilitation service pays for the wife's educational expenses.
The wife testified that she has no assets. She stated that she had to sell her last asset, *Page 221 
an automobile. The wife resides in a mobile home. She testified that because she is unable by herself to afford to live in the mobile home, she has a roommate who pays half the rent and half the utilities. The wife' monthly share of the rent is $150. She testified that her monthly living expenses are $850.
The husband is remarried, and he and his new wife are real estate agents. The husband testified that his income has increased since 1992. He stated that around 1992, he and his new wife lived in a $90,000 home and that today they reside in a home estimated to be worth $239,000. The husband has several assets, such as a boat, two automobiles, and certifies of deposit; however, many are listed under his current wife's name. The husband's monthly mortgage payment is $1,300.
Upon review of the record, we find that the wife produced sufficient evidence to support a finding of a material change in her financial needs and in the husband's financial ability to pay for those needs. Therefore, we hold that the trial court did not abuse its discretion in granting the wife's request to modify the alimony provisions.
The husband also claims that the wife's motion was untimely because it was filed more than 120 months from the entry of the divorce judgment. The husband states that January 1997, was the 20th month from the divorce judgment and, thus, he argues, he was no longer responsible for periodic alimony payments after making the January payment. Also, he claims, the trial court did not have jurisdiction to modify the periodic alimony.
The trial court in its 1992 judgment states: "The Court specifically reserves the right to amend the periodic alimony to extend beyond the ten-year period commencing the date of the judgment of divorce (January 14, 1987)." Thus, we find no merit to the husband's contention that the trial court lacked jurisdiction. Therefore, we affirm the trial court's judgment ordering the husband to pay alimony for three more years.
The husband also contends that the trial court erred in its order regarding interest on the arrearage. We agree.
The trial court's order states:
 "1. A judgment is awarded against the defendant in favor of the plaintiff for the sum of $26,849.32 as of September 1, 1997 representing the remaining balance due on the judgment entered in favor of the plaintiff by this court on February 18, 1992.
 "2. The defendant shall satisfy the above judgment by paying $200.00 per month beginning September of 1997 until paid in full. Interest on this judgment shall run at 7%."
The trial court further stated, "Although the Court [in 1992] granted a judgment for same arrearages in the amount of $43,000.00 and did set a payment schedule to pay back the arrearages judgment at $200.00 per month until paid in full, the Court did not toll interest on the $43,000.00 order merely because it set a pay-back schedule to the judgment." In the 1992, the trial court calculated the husband owed "43,000 representing the alimony and interest arrearage."
In her brief to this court, the wife cites McDavid v. McDavid,627 So.2d 446 (Ala.Civ.App. 1993), for the proposition that "the failure to include interest on an arrearage judgment, when presented before the trial court, is reversible error." This is correct. However, "the proper method to review a trial court's abuse of discretion in a divorce proceeding is appeal." McSweenv. McSween, 336 So.2d 296 (Ala.Civ.App. 1979). Thus, the wife should have appealed from the 1992 judgment and claimed error in the court's calculation of interest. The wife may not relitigate this issue. Id.
The portion of the judgment that amends the 1992 judgment so as to order more interest on the arrearage, is hereby reversed. The remainder of the judgment is affirmed. The cause is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. *Page 222 
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P. J., concurs in result.