Donell B. Ederer ("the wife") and Michael P. Ederer ("the husband") were divorced in September 1997. The husband was ordered, among other things, to pay the wife $800 per month in alimony and to pay the taxes, insurance payments, and one-half of the mortgage payment on the jointly owned marital residence, possession of which was awarded to the wife "pending further orders of the court." The husband sought and received a modification of alimony in 1998; he was ordered to pay $600 per month on the basis of a decrease in his gross monthly income from $12,900 to $10,548. In August 2001, the husband filed a petition to modify the divorce judgment, requesting that the trial court reduce his child-support obligation, terminate or reduce his alimony obligation, and order the sale of the jointly owned marital residence. The wife responded to the husband's motion by counterpetitioning for an increase in alimony. The trial court denied all requested relief. Only the wife appeals.
The husband is an anesthesiologist, and the wife is a kindergarten teacher with an education-specialist degree who also works part-time as a sales clerk at a local department store. The husband's monthly gross income in 2001 was over $38,000; his testimony and pay records admitted at trial indicate that in 2002 his monthly gross income decreased to approximately $18,000 because his practice had admitted additional partners. The wife's gross monthly income from her teaching job is $3,448; she reported her net monthly earnings from her part-time job to be $600.
The wife's expenses include paying one-half of the monthly mortgage payments and all the maintenance costs on the parties' former marital residence. Her share of the monthly mortgage payment is $1,103; she has often fallen behind on the mortgage payment because she does not have the money at the time the payment is due. Repairs on the home, according to the wife's trial exhibit, average $185 per month, with additional repairs of $150 required. The wife testified that the gas company had "red-tagged" her downstairs furnace; she said she had not yet had it replaced. She also said that the house needed new carpet, some painting, repairs to a bathroom, and repairs to the roof.
The wife pays $150 per month for yard care and $175 per month for pool care. She does not own a lawnmower; the husband took the lawnmower after the divorce. The wife's utility expenses (water, electricity, natural gas, and telephone) total $680 per month. Her grocery bill, which includes items such as cleaning supplies and personal-hygiene products, is $800 per month. She spends $80 per month on dry cleaning. Her automobile expenses, not including her automobile note, are $180 per month; these expenses include purchasing gas for the children's automobiles as well as for her own. Her automobile note is $457 per month. The wife further testified that she paid $140 per month for the younger daughter's two prescriptions, neither of which are covered by insurance. The wife said she spent approximately $50 per month for clothing for herself and approximately $200 per month for clothing for the children (she did not explain whether this amount included clothing for her daughters and the parties' grandson as well as for the minor son). The wife testified that she paid approximately $350 per month in day-care expenses for the parties' grandson. The wife also pays approximately $100 per *Page 422 
month in veterinary and grooming costs for her two shih tzu dogs.
At the present time, the parties have only one minor child, a son who lives with the wife. However, both of the parties' daughters lived with the wife at the time of trial. The parties' older daughter, who has a child of her own, was in the process of a divorce; as a result, she and the parties' grandson were living with the wife. The parties' younger daughter was home from college at the time of trial; she routinely lives with the wife during college breaks.
The husband did not testify about his personal expenses; however, he did testify that he paid $800 per month for the minor son's private-school tuition, that he had purchased automobiles for three of the children, that he paid all three children's automobile insurance and the maintenance costs on those automobiles, that he paid for college expenses not covered by the younger daughter's prepaid-college-tuition plan, and that he paid for books and other supplies for the older daughter's return to college (she apparently exhausted her prepaid-college-tuition fund when she attended college prior to her marriage). He also explained that he provided a $200 monthly stipend to the older daughter and that he had placed the younger daughter on a $400 per month budget.
The wife argues that the trial court erred by failing to increase the husband's alimony obligation in light of the increase in his income and her financial position. The husband argues, however, that the trial court could have determined that the wife's financial situation was a result of financial mismanagement by the wife. After reviewing the testimony of the parties and the sparse evidence, we reverse.
 "An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs."
Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App. 1998) (citation omitted). A trial court is not, however, required to modify alimony because of a change in the circumstances of the parties. Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App. 1995). The court should still consider the earning capacity of each spouse, the payee spouse's need for alimony, the payor spouse's ability to pay alimony, and each spouse's estate.Kiefer, 671 So.2d at 711. "[T]he purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage." O'Neal v. O'Neal, 678 So.2d 161, 164
(Ala.Civ.App. 1996). Although a trial court's judgment on a petition to modify alimony is presumed correct, this court can reverse a trial court's judgment if it is not supported by the evidence, is plainly and palpably wrong, and amounts to an abuse of discretion. Id.
In the present case, the wife has demonstrated that she is unable to meet her present living expenses on her income and the amount of alimony the husband presently pays. The husband's monthly income has increased approximately $7,500 since the last modification of the alimony provisions of the trial court's judgment; the wife's monthly income, however, has only increased slightly more than $1,000. *Page 423 
Although the husband stated at trial that the wife would not need a second job and would be able to live comfortably on her income as a teacher if she were to manage her money better, he admitted that his statement was premised on the wife's being required to sell the former marital residence and purchase, with her share of the equity, a smaller, less expensive home. The trial court did not, despite the husband's request, order that the former marital residence be sold; the wife still has the right, pursuant to the divorce judgment, to live in the house. In light of the wife's testimony concerning necessary repairs to the house, and the husband's supporting acknowledgment that repairs were needed, the wife's inability to meet her expenses, which include upkeep and repair costs related to the house, appears to be largely undisputed.
The husband did dispute the wife's money-management skills. He also mentioned that the wife, in his opinion, was living beyond her means — specifically, he questioned why a teacher felt it necessary to live in a 3,500-square-foot house and to send her children to expensive private schools. As noted above, the wife was given the right to possession of the former marital residence in the divorce judgment; the divorce judgment also required the husband to pay the tuition at the children's private schools.
The husband did not question most of the wife's expenses (he did indicate that the veterinary and grooming costs for the wife's pets might be excessive). He bemoaned the fact that he had to give his children spending money because the wife did not. He accused the wife of not supervising the children (the youngest child is 18) while maintaining a part-time sales position in the evenings and on weekends; however, the wife's financial situation would be far worse if she had not sought additional employment.
The husband also commented that the wife had three college degrees while he only had two. Although that is true, if the husband is contending that the wife was somehow underemployed, the evidence does not support that contention. Her highest degree is an education-specialist degree, while the husband's highest degree is an M.D. The husband, in 2001, made nearly 10 times more per month than the wife. Even after his monthly gross income was reduced to $18,000 in 2002, the husband still made four times more than the wife.
The trial court's decision to allow the wife to continue to reside in the marital residence, to be responsible for one-half of the mortgage payment and all the maintenance costs of the home, and to deny the wife's petition for an increase in alimony despite the wife's obvious inability to timely pay her half of the mortgage payments or to make necessary repairs like replacing the furnace on her present income, does not appear equitable. The wife proved that the husband's income had increased and that her income was not sufficient to cover her expenses. We conclude, therefore, that the trial court's denial of the wife's request for an increase in alimony is an abuse of discretion under the evidence presented in this case. We reverse the trial court's judgment denying the wife a modification of alimony, and we remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result. *Page 424