Michael P. Ederer petitioned this Court for certiorari review of the judgment of the Court of Civil Appeals that reversed the trial court's order denying Donell B. Ederer's motion for an increase in alimony payments. Ederer v. Ederer, 900 So.2d 420
(Ala.Civ.App. 2003). We remand. *Page 425 
 I.
Donell B. Ederer and Michael P. Ederer were divorced in September 1997. The trial court ordered Michael, an anesthesiologist, to pay child support for the couple's three minor children,[1] $800 per month in alimony, one-half of the mortgage payment on the marital residence, which was owned jointly by Michael and Donell, and the taxes and insurance on the residence. In 1998, Michael's income had decreased and he sought and received a reduction of $200 in his monthly alimony payments. In 2001, he petitioned the trial court to reduce his child-support obligation, to terminate or reduce his alimony obligation, and to order the sale of the marital residence. Donell, a kindergarten teacher who works part-time as a salesclerk in a retail store, answered and counter-petitioned, asking the trial court to increase Michael's alimony payment.
At the time of the trial on Michael's petition, Donell was living in the marital residence with the couple's minor son, one of their two daughters,[2] and one grandchild. The evidence indicated that Michael's monthly income had increased by approximately $7,500 since the trial court lowered his alimony payments in 1998; at the time of the trial, his monthly income was approximately $18,000. Donell's monthly income had increased by approximately $1,000; she reported her gross monthly income, including her teaching job, alimony payments, and her part-time sales job, as $4,648. Donell reported average monthly expenses of $4,650.[3] Michael testified that he paid $800 per month for their minor son to attend private school, that he had bought the three children cars and paid the insurance and maintenance expenses for the cars, that he paid for the younger daughter's college expenses that were not covered by the prepaid college-tuition plan, that he paid for books for the older daughter, who had returned to college, and that he gave the older daughter $200 per month and the younger daughter $400 per month.
Because of Donell's financial situation, she states, she is often late in making the mortgage payments on the marital residence. Further, both parties acknowledge that significant repairs to the marital home are necessary, including repairs to the roof and the replacement of the furnace. Donell testified that she cannot afford to have those repairs made.
The trial court denied both Michael's petition seeking a decrease in alimony and child-support payments and Donell's petition seeking an increase in alimony payments. Donell appealed, and the Court of Civil Appeals held that the evidence indicated that she is unable to meet her financial obligations and that in denying her petition the trial court exceeded its discretion. *Page 426 
The Court of Civil Appeals reversed the trial court's order denying her petition and remanded the cause to the trial court. Michael petitioned this Court for the writ of certiorari, which we granted to determine whether in reversing the judgment of the trial court the Court of Civil Appeals substituted its judgment for that of the trial court.
 II.
Michael argues that the Court of Civil Appeals' decision conflicts with Ex parte Smith, 673 So.2d 420 (Ala. 1995) (providing that an appellate court should not substitute its judgment of the facts for the trial court's judgment of the facts). The Court of Civil Appeals correctly stated the standard and the burden of proof a party moving to modify alimony must meet:
 "`An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs.'
 "Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App. 1998) (citation omitted). A trial court is not, however, required to modify alimony because of a change in the circumstances of the parties. Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App. 1995)."
Ederer v. Ederer, 900 So.2d at 422. The Court of Civil Appeals reviewed the evidence and concluded that in denying Donell's petition the trial court exceeded its discretion. The Court of Civil Appeals stated: "Although a trial court's judgment on a petition to modify alimony is presumed correct, this court can reverse a trial court's judgment if it is not supported by the evidence, is plainly and palpably wrong, and amounts to an abuse of discretion." 900 So.2d at 422. The Court of Civil Appeals further stated:
 "The trial court's decision to allow the wife to continue to reside in the marital residence, to be responsible for one-half of the mortgage payment and all the maintenance costs of the home, and to deny the wife's petition for an increase in alimony despite the wife's obvious inability to timely pay her half of the mortgage payments or to make necessary repairs like replacing the furnace on her present income, does not appear equitable."
900 So.2d at 423. The Court of Civil Appeals clearly determined that there was a sufficient basis for increasing the amount of alimony Michael should pay Donell; however, the Court of Civil Appeals was charged only with determining whether the evidence was sufficient to support the trial court's judgment denying Donell's request for an increase in alimony. See Ex parteSmith, 673 So.2d at 422 (stating that "when this Court or the Court of Civil Appeals reviews a circuit court's order, it is not to substitute its judgment of the facts for that of the circuit court. Instead, our task is simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion." (citations omitted)); Posey v. Posey,634 So.2d 571, 572 (Ala.Civ.App. 1994) (stating that "a trial court's judgment regarding matters of child support and alimony, following the presentation of ore tenus evidence, is presumed correct and will not be reversed on appeal absent abuse, unless the judgment is unsupported by the evidence or is plainly and palpably wrong"); and Hill v. Hill, 562 So.2d 255, *Page 427 
257 (Ala.Civ.App. 1990) (stating that "the modification of a decree for alimony is a matter within the sound discretion of the trial court, even in cases where a change in circumstances can be demonstrated. Consequently, this court must determine if there was sufficient evidence to support the trial court's judgment." (citations omitted)). It does not appear that the Court of Civil Appeals determined whether there was sufficient evidence to support the trial court's judgment denying Donell's motion for increased alimony; therefore, we remand this case for the Court of Civil Appeals to clarify its opinion as to whether it determined that the evidence was sufficient to support the trial court's judgment. The Court of Civil Appeals is instructed to file a return to this Court within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] The Ederers have four children, three of whom were minors at the time of the divorce.
[2] At the time of the trial, only one child, the son, was a minor. The younger daughter was in college and lived with Donell during college breaks. At the time of trial, the older daughter, who has a son of her own, was going through a divorce. Both the older daughter and the grandson were living with Donell.
[3] Donell's list of monthly expenses consisted of the following: $1,103 for her one-half of the mortgage payment on the marital residence; $185 for monthly repairs; $150 for lawn care; $175 for pool care; $680 for utilities; $800 for groceries; $80 for dry cleaning; $180 for automobile expenses for herself and their children; $457 for her car payment; $140 for their daughter's prescription medication; $50 for her clothing; $200 for the children's clothing; $350 for their grandson's day care; $100 for veterinarian services for the family pet. (The veterinarian bill is the only expense questioned by Michael; however, he questions Donell's money-management skills.)