Although I concur with the main opinion, I write specially to expound upon the main opinion's analysis of the legal issues presented in this appeal.
 As noted by our Supreme Court: *Page 467 
 "`"An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs."'"
Ex parte Ederer, 900 So.2d 424, 426 (Ala. 2004) (quoting Ederer v. Ederer, 900 So.2d 427, 428
(Ala.Civ.App. 2004), quoting in turn Glover v. Glover,730 So.2d 218, 220 (Ala.Civ.App. 1998)).
With regard to the first consideration enumerated inEderer, supra — whether the former wife met her burden of proving that there had been a material change in her financial needs since the parties' divorce — I note that the former wife testified that, at the time of the parties' divorce, she had been earning less than $1,000 per month. At the time of the final hearing in this case, however, the former wife had secured full-time employment and was earning a salary of $20,800 a year. She also testified that she receives gross rental income in the amount of $350 per month; she testified, however, that she only receives $17 per month in net income from that property. The former wife also testified that she had accumulated approximately $19,000 in retirement accounts.
At the time of the parties' divorce, the former wife's monthly mortgage payment on her house was approximately $406 per month; however, at the time of the hearing in this case, the former wife's monthly mortgage payment was $690 per month. Although the former husband testified that the mortgage should have been paid off by the time of the hearing, the former wife testified that she had refinanced the mortgage to assist the parties' children with college expenses. The former wife testified that some of her other expenses had increased since the parties' divorce; however, she did not offer any evidence as to the amount of those increased expenses.
The evidence in the record is insufficient to support a finding that the former wife met her burden of proving that there had been a material change in her financial needs since the parties' divorce. Although the evidence indicated that the former wife's mortgage payment had increased by approximately $300 per month, she testified that the reason for that increase was the result of her having refinanced the mortgage in order to pay college expenses for the parties' children. In Sosebee v.Sosebee, 896 So.2d 557 (Ala.Civ.App. 2004), this court stated:
 "The wife's expenditures for the daughter are gratuitous undertakings of the wife that the husband may not be held responsible for through the payment of alimony to offset those expenditures. To allow a trial court to consider expenditures of that nature in fashioning its alimony award would permit, in essence, a trial court to require a parent to pay the living expenses of an adult child in contravention of the law. A parent is not required, absent an express agreement of the parties or other than as permitted under Ex parte Bayliss, 550 So.2d 986
(Ala. 1989), and its progeny or under Ex parte Brewington, 445 So.2d 294 (Ala. 1983) (providing that a parent may be ordered to provide support for an adult disabled child), and its progeny, to pay support to cover the living expenses of an adult child."
896 So.2d at 562.
 BRYAN, J., concurs. *Page 468