MOORE, Judge.
 

 John S. Capone, Jr. (“the former husband”), appeals from a judgment entered by the Calhoun Circuit Court increasing his periodic-alimony obligation to his former wife, Beverly A. Capone (“the former wife”). We reverse.
 

 Procedural History
 

 This is the second time the parties have been before this court.
 
 See Capone v. Capone,
 
 962 So.2d 835, 836 (Ala.Civ.App.2006). On August 10, 2005, the Calhoun Circuit Court entered a judgment divorcing the parties based, in part, on the court’s finding that the former husband had committed adultery. The divorce judgment also divided the parties’ marital property; awarded the former wife $2,500 per month in periodic alimony; awarded the former wife 25% of the former husband’s military-retirement benefits upon his receipt of those benefits, provided that “the $2,500-per-month alimony payment [would] be reduced by the monthly retirement-benefit payment, once the [former] wife beg[an] receiving that payment”; and “required the [former] husband to name the [former] wife as a beneficiary of his survivor benefit plan.”
 
 Capone,
 
 962 So.2d at 836. The former husband appealed from the divorce judgment.
 

 On appeal, this court determined that the trial court had erred in finding that the former husband had committed adultery, in awarding the former wife 25% of the former husband’s military-retirement benefits upon his receipt of those benefits, and in requiring the former husband to name the former wife as a beneficiary of his military survivor benefit plan.
 
 Capone,
 
 962 So.2d at 841. This court reversed the trial coui't’s judgment and remanded the cause for the trial court to reconsider the alimony and property-division aspects of the judgment.
 
 Id.
 

 While
 
 Capone
 
 was pending on appeal, the judge who had tried the case retired. Accordingly, on remand the case was assigned to a new judge. After reviewing this court’s instructions, the transcript of the trial, and the exhibits, the new judge entered an amended divorce judgment on March 26, 2007 (“the amended divorce judgment”). Specifically, the amended divorce judgment deleted the portions of the divorce judgment finding that the former husband had committed adultery, awarding the former wife 25% of the former husband’s military-retirement benefits upon his receipt of those benefits, and requiring the former husband to name the former wife as a beneficiary of his military survivor benefit plan. In addition, the former husband’s monthly periodic-alimony obligation was reduced to $1,977. There is nothing in the record indicating that either party filed a postjudgment motion. Furthermore, no appeal was taken from the amended divorce judgment.
 

 On September 12, 2007, the former husband filed a petition to modify his periodic-alimony obligation. On October 9, 2007, the former wife filed an answer to the former husband’s petition and counterclaimed for an increase in the former husband’s periodic-alimony obligation. Following ore tenus proceedings on July 21, 2008, the trial court entered a judgment on July 23, 2008, providing, in pertinent part:
 

 
 *691
 
 “1. The [former husband’s] income at the time of the divorce was approximately $62,780.00 per year. His income for 2007 was $115,900.57 and projected 2008 income based on the income to-date will be $120,096.00.
 

 “2. That Periodic Alimony per the original Judgment of Divorce dated August 10, 2005 was $2,500.00 per month, and, ‘It being the intent of the Court that combination of retirement and alimony be no less than $2,500.00 per month.’
 

 “3. That this Court, on remand from the Court of Civil Appeals, misinterpreted the original trial Court’s alimony determination and its original intent to provide for the maintenance and support of the [former wife] in the amount of $2,500.00 per month. The Court inadvertently reduced the Periodic Alimony to $1,977.00 per month, based on that Court’s decision that the [former wife] could not be awarded any portion of the [former husband’s] military retirement. However, after hearing the testimony and reviewing the Court records, the Court is now of the opinion that Alimony should have remained at $2,500.00 per month, with none of that amount being a percentage of the [former husband’s] retirement.
 

 “4. Furthermore, the Court finds that in fact the [former husband] is financially more capable of providing for the [former wife’s] maintenance and support in the amount of $2,500.00 per month.
 

 “5. That Ex mero motu the Court finds that Periodic Alimony should be in the amount of $2,500.00 per month.
 

 “6. That the [former husband] is not due a reduction from Periodic Alimony in the amount of $2,500.00 per month.”
 

 On August 21, 2008, the former husband filed a motion to alter, amend, or vacate the judgment; that motion was denied on September 24, 2008. The former husband filed his notice of appeal on November 4, 2008.
 

 Discussion
 

 On appeal, the former husband argues that the trial court exceeded its discretion in increasing his monthly periodic-alimony obligation. In support of his argument, the former husband first asserts that the trial court lacked jurisdiction to make a retroactive change to the amended divorce judgment. We agree. “[A] trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment.”
 
 Henderson v. Koveleski,
 
 717 So.2d 803, 806 (Ala.Civ.App.1998). In the present case, after this court reversed the initial divorce judgment, the trial court entered an amended divorce judgment on March 26, 2007. Neither party filed a postjudgment motion; therefore, the trial court lost jurisdiction to amend the amended divorce judgment after April 25, 2007.
 

 Although, pursuant to Rule 60(a), Ala. R. Civ. P., the trial court may correct a clerical error in a judgment at any time, we conclude that the trial court’s attempted modification of the March 26, 2007, amended divorce judgment was beyond the purview of that rule.
 

 “[T]he object of a judgment nunc pro tunc or motion under rule 60(a) is to make the judgment or record speak the truth.
 
 Ward v. Ullery,
 
 442 So.2d 99 (Ala.Civ.App.1983). It cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced.
 
 Tombrello Coal Co. v. Fortenberry,
 
 248 Ala. 640, 29 So.2d 125 (1947); 11 C. Wright & A. Miller,
 
 Federal Practice and Procedure
 
 § 2854 (1973).”
 

 Michael v. Michael,
 
 454 So.2d 1035, 1037 (Ala.Civ.App.1984). In the July 23, 2008,
 
 *692
 
 judgment, the trial court, in explaining its decision to increase the former husband’s monthly alimony obligation to $2,500, stated that, at the time of the entry of the amended divorce judgment, it had misinterpreted the intent of the original divorce judgment, resulting in the trial court’s inadvertently setting the former husband’s monthly periodic-alimony obligation at $1,977. The trial court further stated that it should have set the former husband’s alimony obligation at $2,500 in the amended divorce judgment. Clearly, the trial court was not merely correcting a clerical error but, instead, was “mak[ing] the judgment say something other than what was originally pronounced.”
 
 Michael,
 
 454 So.2d at 1037.
 

 When the trial court entered the July 23, 2008, judgment, it had jurisdiction to modify the amended divorce judgment based only on an intervening material change in circumstances,
 
 Ex parte Ederer,
 
 900 So.2d 424, 426 (Ala.2004), not on an earlier error committed in rendering the amended divorce judgment. Our supreme court has stated:
 

 “ ‘ “An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court’s previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs.” ’ ”
 

 Ex parte Ederer,
 
 900 So.2d at 426 (quoting
 
 Ederer v. Ederer,
 
 900 So.2d 420, 422 (Ala.Civ.App.2003), quoting in turn
 
 Glover v. Glover,
 
 730 So.2d 218, 220 (Ala.Civ.App.1998)). It appears that the trial court did not modify the amended divorce judgment based on that standard.
 

 Based on the foregoing, we reverse the trial court’s judgment and remand the cause for the trial court to determine, based on the evidence adduced at the trial, whether the former husband’s periodic-alimony obligation should be modified in accordance with the standard set forth in
 
 Ex parte Ederer, supra.
 

 [1]
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Because we are reversing the trial court’s judgment for the reasons stated in this opinion, we pretermit discussion of the former husband's additional arguments advanced in support of reversal.