MOORE, Judge.
John S. Capone, Jr. (“the former husband”), appeals from a judgment of the Calhoun Circuit Court increasing his periodic-alimony obligation to Beverly A. Capone (“the former wife”). We reverse.

Procedural History

This is the third time these parties have been before the court. See Capone v. Capone, 962 So.2d 835 (Ala.Civ.App.2006) (“Capone /”), and Capone v. Capone, 23 So.3d 689 (Ala.Civ.App.2009) (“Capone II ”). The procedural history of this case is set forth in Capone II:
“On August 10, 2005, the Calhoun Circuit Court entered a judgment divorcing the parties based, in part, on the court’s finding that the former husband had committed adultery. The divorce judgment also divided the parties’ marital property; awarded the former wife $2,500 per month in periodic alimony; awarded the former wife 25% of the former husband’s military-retirement benefits upon his receipt of those benefits, provided that ‘the $2,500-per-month alimony payment [would] be reduced by the monthly retirement-benefit *1260 payment, once the [former] wife beg[an] receiving that payment’; and ‘required the [former] husband to name the [former] wife as a beneficiary of his survivor benefit plan.’ Capone [v. Capone ], 962 So.2d [835,] 886 [(Ala.Civ.App.2006) (‘Capone I ’) ]. The former husband appealed from the divorce judgment.
“On appeal, this court determined that the trial court had erred in finding that the former husband had committed adultery, in awarding the former wife 25% of the former husband’s military-retirement benefits upon his receipt of those benefits, and in requiring the former husband to name the former wife as a beneficiary of his military survivor benefit plan. Capone [7], 962 So.2d at 841. This court reversed the trial court’s judgment and remanded the cause for the trial court to reconsider the alimony and property-division aspects of the judgment. Id.
“While Capone [/] was pending on appeal, the judge who had tried the case retired. Accordingly, on remand the case was assigned to a new judge. After reviewing this court’s instructions, the transcript of the trial, and the exhibits, the new judge entered an amended divorce judgment on March 26, 2007 (‘the amended divorce judgment’). Specifically, the amended divorce judgment deleted the portions of the divorce judgment finding that the former husband had committed adultery, awarding the former wife 25% of the former husband’s military-retirement benefits upon his receipt of those benefits, and requiring the former husband to name the former wife as a beneficiary of his military survivor benefit plan. In addition, the former husband’s monthly periodic-alimony obligation was reduced to $1,977. There is nothing in the record indicating that either party filed a post-judgment motion. Furthermore, no appeal was taken from the amended divorce judgment.
“On September 12, 2007, the former husband filed a petition to modify his periodic-alimony obligation. On October 9, 2007, the former wife filed an answer to the former husband’s petition and counterclaimed for an increase in the former husband’s periodic-alimony obligation. Following ore tenus proceedings on July 21, 2008, [at which Judge Mannon Bankson, Jr., presided,] the trial court entered a judgment on July 23, 2008, [increasing the former husband’s periodic-alimony obligation to $2,500 per month].”
Capone II, 23 So.3d at 690.
In addressing the appeal in Capone II, this court concluded that the trial court had failed to use the correct standard to modify the former husband’s periodic-alimony obligation. 23 So.3d at 692. Therefore, this court “reverse[d] the trial court’s judgment and remandfed] the cause for the trial court to determine, based on the evidence adduced at the trial, whether the former husband’s periodic-alimony obligation should be modified in accordance with the standard set forth in Ex parte Edererl, 900 So.2d 424, 426 (Ala.2004) ].” Id. Upon remand, Judge Brenda S. Sted-ham was occupying the seat previously occupied by Judge Bankson. After reviewing the transcript of the trial conducted by Judge Bankson, Judge Stedham entered a judgment finding “that there was both a material change in (a) the financial needs of the [former wife] and (b) the financial ability of the [former husband] to respond to those needs.” Accordingly, the trial court entered a judgment increasing the former husband’s periodic-alimony obligation to $2,700 per month and entering a judgment against the former husband for $10,122.00, representing the amount of alimony that had accrued based on the differ *1261 ence between the previous monthly alimony amount and the modified alimony amount. The former husband timely appealed.

Standard of Review

“Because Judge [Stedham] reviewed the record of the bench trial conducted by Judge [Bankson] and heard no oral testimony, the ore tenus rule does not apply to our review of the judgment [s]he rendered. See Ex parte Horn, 718 So.2d 694, 705 (Ala.1998). We review de novo Judge [Stedham’s] conclusions of law and [her] application of law to the facts. See Ex parte J.E., 1 So.3d 1002, 1008 (Ala.2008).”
Hanks v. Spann, 33 So.3d 1234, 1237 (Ala. Civ.App.2009).

Discussion

On appeal, the former husband argues that the trial court exceeded its discretion in increasing his periodic-alimony obligation because, he says, the evidence did not indicate that there has been a material change in the financial needs of the former wife.
“ ‘ “An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court’s previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs.” ’ ”
Ex parte Ederer, 900 So.2d 424, 426 (Ala. 2004) (quoting Ederer v. Ederer, 900 So.2d 420, 422 (Ala.Civ.App.2003), quoting in turn Glover v. Glover, 730 So.2d 218, 220(Ala.Civ.App.l998)).
As noted previously, the trial court last fixed the alimony obligation of the former husband in its March 26, 2007, amended judgment. That judgment was based on evidence relating to the financial and other circumstances of the parties as those circumstances existed in 2005 at the time of the original divorce trial. Therefore, in determining whether the alimony provisions of the March 26, 2007, amended judgment should be modified, we will review the record to ascertain whether any material change of circumstances has arisen since 2005.
The evidence in the record indicates that, in 2005, the former wife was unemployed due to an inability to work, that she was living in her mother’s home, and that she owed two debts with combined monthly payments totaling $1,976.57. At the time of the trial on the competing modification petitions in 2008, the former wife continued to be unemployed due to an inability to work and continued to live in her mother’s home. The former wife had reduced her two debt payments to $250.99 per month, but she had incurred an unstated amount of other debt. In the year preceding the trial, the former wife had acquired $10,000 in savings and had managed to donate $4,063 to charities. The former wife testified that her current living expenses amounted to $1,992 per month. The record does not show any material change in the circumstances or financial needs of the former wife since 2005.
The former wife testified that her standard of living had decreased from the time of the parties’ marriage because, she said, there are no funds built into her budget for extravagances or luxuries. The trial court had already considered that factor when calculating the original award of alimony in 2007. See O’Neal v. O’Neal, 678 So.2d 161, 165 (Ala.Civ.App.l996)(“The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent possible, to *1262 maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage.”). In the modification proceedings, the issue was whether the financial needs of the former wife had changed since 2005, not since the time of the marriage. It appears that the former wife maintained the same standard of living at the time of the modification trial as she did in 2005.
The former wife testified that she wanted to move out of her mother’s home and establish a home of her own. The former wife estimated that such a move would result in an increase in her monthly living expenses to $2,700. The trial court evidently relied on that testimony in increasing the alimony to the exact amount the former wife testified she would need if she moved out of her mother’s home. It is undisputed, however, that the former wife had not moved out of her mother’s home or incurred any of the additional living expenses of which she testified. A trial court is not authorized to adjust alimony based on future events with speculative impact on the financial circumstances of the parties. See, e.g., Blink v. Blink, 528 So.2d 860 (Ala.Civ.App.1988) (where former husband had not yet retired, trial court correctly denied alimony-modification petition due to only speculative proof as to material change of circumstances).
Although there was evidence indicating that the former husband’s income had increased since the time of the parties’ divorce, that evidence is not enough to warrant a modification of alimony without “evidence ... indicating that the former wife’s corresponding financial needs had increased.” Newsome v. Newsome, 984 So.2d 463, 466 (Ala.Civ.App.2007) (reversing judgment increasing the former husband’s periodic-alimony obligation where “the former husband’s financial ability to support the former wife had increased” but there was no “evidence ... indicating that the former wife’s corresponding financial needs had increased”). Accordingly, we reverse the trial court’s judgment modifying the former husband’s periodic-alimony obligation and remand this cause with instructions to the trial court to enter a judgment denying the former wife’s petition for modification.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.