This is a periodic alimony modification case. Although the parties are divorced, they shall still be referred to as "the husband" and "the wife."
The Garthrights had been married for twenty-five years and had raised their three daughters to adulthood when the divorce was entered in January 1977 on account of incompatibility of temperament. Their divorce judgment adopted and incorporated into it a separation agreement. In pertinent part that agreement provided that the husband would pay to the wife the sum of $600 per month for her support at the rate of $300 every two weeks. In December 1983 the husband petitioned the trial court that the divorce judgment be modified to decrease the required periodic alimony payments. After an ore tenus trial the circuit court provided in its amended judgment that the alimony payments from the husband to the wife be made at the rate of $600 per month. The husband has appealed and has astutely argued through able counsel that the trial court was palpably wrong in that it abused its discretion in not reducing the alimony payments to a reasonable amount. We disagree and affirm.
In view of the applicable presumptions, we have reviewed the record and the following is pertinently revealed.
The wife is fifty-seven years of age and the husband is fifty-five. She was born and educated in France, having received the United States equivalent of around two years of college. The husband earned a bachelor's degree and a master's degree and presently attends a nursing school in preparation of becoming a registered nurse. The wife has not remarried. The husband's present wife is a self-supporting, full-time registered nurse.
During the entire marriage the wife had no outside job. She has no particular employment skills or expertise, but she has worked as a salesperson at a department store since six months following the divorce. In 1983 her gross income from that job was $8,077. One of her recent larger weekly checks resulted in a net salary to her of $90.72. She testified that her monthly basic expenditures are never less than $950, which does not include any proceeds for any emergency, or for any maintenance to her house, or for the replacement or repair of her household appliances, all of which were purchased from fourteen to twenty years ago. Neither does the $950 figure include any funds for dental services, nor for any hospital, physician, surgeon, or medical expenses which are not covered by her insurance. Fortunately, she has no medical problems except that *Page 827 
she takes daily medication for high blood pressure at a cost of $12 monthly. Her youngest daughter, who is twenty-six years of age, unmarried and self-supporting, resides with her and, according to the wife, the daughter averages giving to her about $100 monthly as financial assistance. In the past that daughter has also provided for some house repairs. The wife still owes $20,000 upon the house mortgage which is payable at the monthly rate of $226 until the year 2000. Her income taxes amount to $355 quarterly upon the alimony which is paid to her by the husband.
After being a federal civil service employee for thirty-three years, the husband decided to voluntarily retire and to seek another career because of his fear that the minimum retirement age would be arbitrarily raised from fifty-five to sixty-two, or higher. His retirement was effective on December 30, 1983. At the time of the divorce, his total monthly gross income was $2,385, which included his federal salary, his earnings from a second part-time job, and disability payments from the Veterans Administration. At this time he draws a total of $1,746 each month from his retirement and from the VA. While the husband had hernia and disc surgery as recently as in 1981, his present health is apparently good, except for lifting heavy objects. He itemized his own monthly expenses at $1,380, which included $87 as his part in a time-sharing condominium of two weeks a year and $194 upon a personal note for his one-half of the cost of the construction of a swimming pool in 1982 at his present wife's home and for a riding lawn mower. One reason for the pool was to permit the husband to conveniently obtain exercise following his back surgery. That personal note will be paid in full in December 1984, but he desires to trade cars about that time.
It is well-established law in Alabama that periodic alimony may be modified when there has been a material change in the circumstances of the parties, and that the burden of reasonably satisfying the trial court of the existence of those conditions which authorize a modification of an alimony judgment rests upon the moving party. Vines v. Vines, 409 So.2d 839 (Ala.Civ.App. 1981). However, a modification of periodic alimony lies within the discretion of the trial court and will be reversed only where there was such an abuse of discretion as to render the judgment to be palpably wrong. Prentice v. Prentice, 440 So.2d 1091
(Ala.Civ.App. 1983). Where the trial court personally presides over an evidentiary trial, the judgment is presumed to be factually correct and will not be disturbed upon appeal unless it was not supported by the evidence or was plainly wrong. Mims v.Mims, 442 So.2d 102 (Ala.Civ.App. 1983). After considering all of the evidence, including the wife's finances and the husband's expenses and the temporary one-fourth reduction of his gross income because of his retirement, we cannot say that the trial court was either palpably wrong or abused its discretion in this matter. Actually, the amount of alimony as paid by the husband was reduced by the trial court's judgment since the husband, from the date of the divorce judgment, had consistently and correctly paid $300 to the wife every two weeks under the confusing and somewhat contradictory terms of the 1977 agreement of the parties. Those payments amounted to $7,800 annually. The latest judgment ordered him to pay $600 per month ($7,200 per year), and eliminated the bi-weekly provisions of the 1977 agreement and judgment. Therefore, a reduction of $600 a year, or $50 on a monthly basis, was accomplished as to the periodic alimony required to be paid by the husband. The evidence supports the judgment as rendered by the trial court, which is hereby affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 828