This is an appeal from the trial court's finding the husband in contempt for failing to pay periodic alimony and its concomitant modification of that alimony.
The parties were divorced on April 19, 1988. Pursuant to that decree, the husband was ordered to pay periodic alimony in the amount of $525 per month. Because of his continued failure to pay this award, the wife filed a motion for rule nisi, seeking to have the husband held in contempt. In response, the husband filed a petition to modify the amount of periodic alimony, alleging his financial inability to pay due to a significant reduction in his income. He further sought an order holding the wife in contempt for her alleged refusal to allow him to retrieve property awarded to him by the original decree, from which he could satisfy his past-due obligation to her.
The trial court, in considering all of the motions before it, found the husband to be in contempt and ordered that he satisfy the total arrearage, as well as an attorney fee in the amount of $1,000, within forty-five days of the trial court's order or face confinement. Furthermore, the husband's petition for rule nisi was denied, but a reduction in the amount of periodic alimony was ordered, decreasing his monthly support obligation from $525 to $150 per month.
Upon the husband's subsequent failure to comply with the trial court's order, he was further ordered to be confined to jail; however, such confinement was stayed due to the trial court's finding that he lacked the present ability to purge himself of the contempt. This stay was conditioned upon the husband's diligent pursuit of his claim for Social Security benefits or, in the alternative, his obtaining full-time employment within thirty days of the date the stay was issued, which was January 12, 1990.
The husband appeals. We affirm.
The husband asserts several issues on appeal. He alleges that the trial court erred in finding him to be in contempt of court. The law clearly empowers a trial court to find a party in contempt for *Page 257 
violating or failing to comply with an order of the court.Beavers v. Beavers, 359 So.2d 387 (Ala.Civ.App. 1978). Additionally, we note that this court's review of a finding of contempt is limited to questions of law and that, if there is any evidence to support the trial court's finding, the judgment will not be disturbed. McKeever v. McKeever, 528 So.2d 856
(Ala.Civ.App. 1988).
Our review of the evidence indicates that the trial court's judgment is supported by the evidence, and we, therefore, must affirm. The husband contends that he was financially unable to pay his support obligation and that, consequently, he could not be held in contempt. While inability to comply with a trial court's order is a defense to a contempt proceeding,Blankenship v. Blankenship, 420 So.2d 279 (Ala.Civ.App. 1982), here, the evidence supports the trial court's apparent conclusion that the husband did possess the ability to pay, but, instead, willfully refused to do so.
He contends that, because he derived his income solely from workmen's compensation benefits, a portion of which has been terminated, he was financially unable to meet his monthly support obligations as they fell due. The record, however, reveals that the husband had been in arrears for a period of approximately five months before he suffered a decrease in his income. Furthermore, the divorce decree awarded him personal property, which, by his own estimate, was valued at over $31,000. While he contended at trial that his wife refused to allow him access to that property, there was evidence before the court that such was not the case, and the trial court expressly denied his petition for rule nisi based on the alleged actions of the wife. Finally, at no time prior to the wife's filing of her petition for rule nisi did the husband request a modification of his support obligation.
Consequently, we find that there was evidence to support the trial court's finding that the husband's failure to pay was contumacious and not the result of his alleged inability to pay. Therefore, we affirm with respect to this issue. Additionally, with respect to the issue of contempt, the husband alleges a denial of his rights to due process and equal protection by erroneously asserting that the trial court failed to rule on his motion for rule nisi. The trial court, in its order of September 29, 1989, clearly denied the husband's motion, and, thus, we find no error with regard to this issue.
The husband's remaining issues regard the trial court's modification of the wife's award of periodic alimony from $525 to $150 per month, based on the husband's changed circumstances. He asserts that the trial court abused its discretion by failing to eliminate totally his obligation to pay periodic alimony to the wife. We disagree.
It is well settled that a trial court may terminate periodic alimony whenever, for any reason, it becomes unnecessary for the support of the wife. 27B C.J.S. Divorce § 306 (1986). Furthermore, the modification of a decree for alimony is a matter within the sound discretion of the trial court, even in cases where a change in circumstances can be demonstrated. Snowv. Snow, 393 So.2d 1020 (Ala.Civ.App. 1981).
Consequently, this court must determine if there was sufficient evidence to support the trial court's judgment. If so, we must affirm. The record reveals that the wife did not work during the duration of the marriage and that, although she is currently employed, she estimated her take-home pay to be only $90 per week. Furthermore, the trial court did find that the change in the husband's circumstances warranted a reduction in the amount of periodic alimony from $525 to $150. We note that the wife does not appeal this modification. Moreover, not only does the husband receive monthly workmen's compensation benefits in the amount of $557 per month, but the trial court, based on the testimony before it, recognized the apparent ability of the husband to obtain gainful employment. Thus, we find no abuse of discretion by the trial court in ordering this modification.
This case is due to be affirmed.
AFFIRMED. *Page 258 
INGRAM, P.J., concurs.
ROBERTSON, J., concurs in result only.