ROBERTSON, Presiding Judge.
D.D.S. (“the father”) appeals from a judgment modifying his child support obligation to L.A.W. (“the mother”). We reverse and remand.
It appears from the record that the trial court entered a judgment of paternity on December 14, 1994. On that same date, the parties reached an agreement regarding child support and visitation.[1] The trial court subsequently entered a judgment, ordering, among other things, that the father pay to the mother the sum of $500 per month in child support and all day care expenses. The father was also ordered to provide medical insurance coverage for the benefit of the minor child, to pay one-half of the non-covered medical expenses incurred by the minor child, and to maintain a life insurance policy on his life designating the minor child as the beneficiary. The father has also provided school-related activity costs and a fully-funded Pre-paid Alabama College Tuition (“PACT”) plan for the minor child. This judgment was modified on April 25, 1996, regarding only visitation; however, we note that the record does not contain the judgment or the subsequent order modifying the judgment.
On July 2, 1997, the mother filed a petition for rule nisi, requesting that the father be held in contempt for failure to comply with the terms and conditions of the judgment, and a petition to modify, seeking, among other things, an increase in child support. Following an ore tenus proceeding, the trial court entered a judgment denying the mother’s petition for rule nisi and ordering the father to pay $2,970 per month in child support. The father appeals.
The father contends that the trial court erred in increasing his monthly child support obligation because, he argues, the amount he was ordered to pay exceeds the needs of the child and is based solely on his ability to pay.
The record contains a Child Support Obligation Income Statement/Affidavit prepared by the mother that shows her monthly income to be $3,833. The record also contains a Child Support Obligation Income Statement/Affidavit prepared by the father that shows his monthly income to be $12,611. Rule 32(C)(1), Ala.R.Jud.Admin., provides that when the parties’ combined adjusted gross income is more than $10,000, the amount of child support to be awarded is left to the discretion of the trial court. However, that discretion is not unbridled. “The amount of child support awarded must relate to the reasonable and necessary needs of the [child] as well as to the ability of the obligor to pay for those needs.” Dyas v. Dyas, 683 So.2d 971, 973 (Ala.Civ.App.1995).
The parties’ minor child is six years old and is in the first grade. The mother *799 testified that the minor child’s expenses have increased since he has gotten older. She testified that the minor child takes karate, which has a monthly charge and other expenses due to travel and competitions; that the minor child is involved in school activities; that the minor child attends more field trips; and that the minor child grows out of his clothes much faster. She testified that the minor child’s average expenses are $200 to $300 per month; she also stated that although she would like to “save some money” for the minor child and wants to get him involved in more activities, she has been unable to do so because of lack of money.
The father testified that he has paid child support of $500 directly to the mother and $255 to the minor child’s day care center since 1994. He stated that the amount paid to the minor child’s day care center varied depending on the time of year and the minor child’s participation in various activities. He further testified that the amount he pays in child support was agreed upon by the parties and that at the time the parties agreed upon that amount, each party was represented by counsel. He also stated that the child support amount was determined based on a list prepared by the mother of the minor child’s expenses.
The trial court increased the father’s child support obligation to $2,970 per month. However, there is no indication in the record that such award rationally relates to the reasonable and necessary needs of the minor child. Brasfield v. Brasfield, 679 So.2d 1091 (Ala.Civ.App.1996). See also Hermsmeier v. McCoy, 591 So.2d 508 (Ala.Civ.App.1991). We therefore conclude that the trial court abused its discretion in increasing the father’s monthly child support obligation to $2,970 per month.
Accordingly, we reverse the judgment of the trial court and remand the cause for the trial court to reconsider the father’s child support obligation, taking into consideration the reasonable and necessary needs of the child.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. We note that the record does not contain the agreement that the parties had entered into regarding child support and visitation, bul L.A.W. testified that she and D.D.S. had reached an agreement on these issues and this was undisputed by D.D.S.