MURDOCK, Judge,
concurring in the result.
Based on my review of the record, I conclude that a claim FOR an easement by prescription — as opposed to a claim FOR adverse possession — was not tried by the implied consent of the parties. Accordingly, I do not find the holding from Beason v. Beason, 571 So.2d 1155 (Ala.Civ.App.1990), quoted in the main opinion, nor Rule 15(b) or Rule 54(c), Ala. R. Civ. P., to be applicable.
While it is true that Rule 54(c) does provide that “every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled,” the purpose of this rule is to confirm that a failure to ask for particular relief in one’s pleadings does not sene to bar that relief from being granted, provided that a claim that would support that relief has been tried by the implied consent of the parties. The rule itself implies this purpose in stating that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled “even if the party has not demanded such relief in the party’s pleadings.” Moreover, the official Committee Comments on 1973 Adoption of the rule verify that
“[t]he second sentence of subdivision (c) implements the general principle of Rule 15(b), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded_But this rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence.”
The “general principle of Rule 15(b)” that Rule 54(c) “implements” is exactly as indicated by this comment; Rule 15(b), itself, states: “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”
A cause of action for an easement by prescription was not tried by the implied consent of the parties in this case. Aman was not put on notice before or during trial that a cause of action for an easement by prescription was being litigated. The Gil-leys included no mention of a claim for an easement by prescription in any pleading. At trial, Mr. Gilley specifically testified that he claimed title to the subject property by “adverse possession.” As Aman de *241 fended against the elements of a cause of action for adverse possession, there was nothing to indicate to her that she ought also to be putting on evidence or making legal arguments in opposition to the somewhat different elements of a cause of action for an easement by prescription. The evidence introduced by the Gilleys that could be viewed as consistent with the assertion of a claim for an easement by prescription was in fact properly admitted as supportive of the Gilleys’ adverse-possession theory.
Not unlike the present case, in McCollum, v. Reeves, 521 So.2d 13 (Ala.1987), the plaintiffs contended that they should have been granted relief by the trial court in the form of an easement based on the fact that they had introduced evidence establishing their use of a strip of property located along or near the boundary of their land and the land of the defendants. As the Supreme Court explained, however,
“the testimony concerning the plaintiffs’ use of the [disputed property] was also relevant to the issue of the proper location of the boundary line. When a party contends that an issue was tried by express or implied consent and the evidence on that issue is also relevant to the issue expressly litigated, there is nothing to indicate that a new issue was raised at trial, and the pleadings are not deemed amended under Rule 15(b). Wright & Miller, Federal Practice & Procedure, Civil, § 1493 (1971).”
McCollum v. Reeves, 521 So.2d at 17. See also, e.g., Metropolitan Life Ins. Co. v. Sullen, 413 So.2d 1106 (Ala.1982).
In Foy v. Foy, 447 So.2d 158, 162 (Ala.1984), “[t]he parties came into court to determine whether an executory option contract [was] enforceable and valid. The trial court, on its own motion, voided that contract and ... deeds which transferred ... land on the basis of the contract.” As the Supreme Court held, however, there was
“no legal authority for the trial court’s action. While Rules 15(b) and 54(c), [Ala. R. Civ. P.], eliminate the necessity of strict pleading of issues tried with the implied consent of the parties, they do not provide a trial court with the authority to foist on the parties relief completely different from that contemplated by the parties, based on issues not raised by either party.”
Foy, 447 So.2d at 163. Similarly, in the present case, while the Gilleys did raise the issue of an easement by prescription in their postjudgment brief, that was not an issue raised by either party before or during the trial of this case.
Accordingly, I disagree with the suggestion in the main opinion that the trial court could have entered a judgment in favor of the Gilleys based upon a cause of action for an easement by prescription if only the evidence at trial had been sufficient to establish each of the elements of such a cause of action. I therefore must concur only in the result reached by the main opinion; the issues presented in this appeal do not include the issue upon which the main opinion primarily focuses, i.e., whether the evidence introduced at trial was sufficient to prove each of the elements of an easement by prescription.
CRAWLEY, P.J., concurs.