The parties were divorced on July 24, 1989. Pursuant to the divorce judgment, the former husband was ordered to pay the former wife $500 per month as periodic alimony until her death or remarriage. On June 7, 2006, the former husband filed a complaint seeking to modify or terminate his alimony obligation. The former husband alleged that the parties had intended for his $500 monthly alimony obligation to be used to pay the monthly mortgage payment on the parties' marital residence, which had been awarded to the former wife; that the mortgage had been paid off; and that the former wife presently earned more gross income than he did. The former wife answered and denied the former husband's claims, and she filed a counter-claim seeking to increase the amount of the former husband's periodic-alimony obligation, asserting that there was still a balance on the mortgage indebtedness for the residence and that her living expenses had increased since the parties' divorce in 1989.
The trial court conducted an ore tenus proceeding on February 1, 2007. On February 2, 2007, the trial court denied the former husband's complaint and granted the former wife's counterclaim, increasing the former husband's periodic-alimony obligation to $750 per month. The trial court's judgment specifically found that the former husband's gross income was approximately $60,646 and that the former wife's gross income was approximately $21,000. The judgment stated that, because the former husband's income is three times more than that of the former wife, the former husband's periodic-alimony obligation was increased to $750 a month.
At trial, the former wife testified that, at the time of the parties' divorce, she had been working part-time as a substitute teacher and had earned less than $1,000 per year. She stated that she was currently employed at the Southeast Alabama Medical Center, where she worked 40 hours per week and earned $10 per hour, or $20,800 annually. She said that, due to problems with her back, this was her only source of income, not including the $6,000 per year she was then receiving in periodic alimony from the former husband. The former wife's testimony was uncontradicted.
The former husband testified that, at the time of the parties' divorce, he had earned approximately $36,000 per year, which consisted of $7,000 of income from rental properties owned and maintained by the former husband and $29,000 from military-retirement pay. He further testified that, at the time of trial, he received $30,648 a year from military retirement, approximately $21,000 a year from the City of Dothan for his services as a Dothan City Commissioner, $8,796 a year in Social *Page 465 
Security benefits, approximately $1,068 a year in disability benefits from the United States Department of Veterans Affairs, and approximately $950 a year in income from rental properties that he owns.[1] The former husband asserted that, although his gross income has increased, due to expenses, his overall income has decreased since the parties were divorced. He presented evidence indicating that, in 2004, his net income was $29,717, and that, in 2005, his net income was $25,735. The former husband's testimony, along with supporting documentary evidence, was also uncontradicted.
In support of the former wife's claim seeking an increase in periodic alimony, she testified that, during the 18 years since the parties' divorce, she had been working to support herself and the parties' two children and that her living expenses had increased over the years. At trial, the former wife made the general assertion that expenses for necessities such as utilities, food, and health care had increased in the 18 years since the parties' divorce, and she testified that the mortgage payment on her house had increased when she refinanced the mortgage on the residence. The former wife testified that she had refinanced the mortgage on the residence to help pay for the college education of the parties' two children. The former wife stated that the current mortgage payment on her house was $690 per month, and, although she did not testify as to the amount of the previous mortgage payment, the former husband testified that it had been approximately $400 per month.
The former husband timely appeals, asserting that the trial court exceeded its discretion by increasing his periodic-alimony obligation from $500 to $750 per month.
 Standard of Review
It is well established in Alabama that the modification of alimony is a matter that rests within the sound discretion of the trial court and that the trial court's judgment on that matter, following the presentation of ore tenus evidence, is presumed correct. See Ex parte Ederer, 900 So.2d 424
(Ala. 2004); Schiesz v. Schiesz, 941 So.2d 279
(Ala.Civ.App. 2006); and Hill v. Hill, 562 So.2d 255,257 (Ala.Civ.App. 1990). "`Furthermore, this court is not permitted to reweigh the evidence on appeal or to substitute its judgment for that of the trial court.'" Schiesz,941 So.2d at 289 (quoting Sellers v. Sellers,893 So.2d 456, 461 (Ala.Civ.App. 2004)). "Consequently, this court must determine if there was sufficient evidence to support the trial court's judgment. If so, we must affirm." Hill,562 So.2d at 257. However, if the trial court's judgment is unsupported by the evidence so as to be plainly and palpably wrong, we will reverse. See Posey v. Posey,634 So.2d 571, 572 (Ala.Civ.App. 1994).
 Analysis
At trial, the party seeking to modify a trial court's judgment regarding *Page 466 
alimony must make a showing that, since the trial court's previous judgment, there has been a "material change in the circumstances of the parties." Posey, 634 So.2d at 572
(citing Garthright v. Garthright, 456 So.2d 825
(Ala.Civ.App. 1984)). "'Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs.'" Sosebee v. Sosebee, 896 So.2d 557, 560
(Ala.Civ.App. 2004) (quoting Glover v. Glover, 730 So.2d 218,220 (Ala.Civ.App. 1998)). For the following reasons, we hold that there was insufficient evidence to support the trial court's decision to grant the former wife's request to increase the former husband's periodic-alimony obligation.
Because the former husband was receiving more income at the time of the alimony-modification proceeding than he was receiving at the time of the parties' divorce, there was evidence in the record indicating that the former husband's financial ability to support the former wife had increased. There was no evidence, however, indicating that the former wife's corresponding financial needs had increased. SeeSosebee, supra. The testimony and evidence at trial established that the former wife's annual income had increased from approximately $1,000 at the time of the parties' divorce to approximately $27,000 — including employment income and alimony payments — at the time of the alimony-modification hearing.
Furthermore, the former wife presented no evidence to indicate that her increased expenses constituted a "material change" so as to warrant an alimony modification. See Posey, supra. Rather, the former wife presented only general testimony, unsupported by documentary evidence, indicating that her living expenses had increased over the last 18 years. The former wife did specifically testify as to an increase in her monthly mortgage obligation. Based on the totality of the evidence, the trial court could have found that the former wife's monthly mortgage obligation had increased by approximately $290 per month. However, that increase can hardly be considered a "material change" in the financial needs of the former wife, considering the fact that her income had increased by $26,000 since the time of the parties' divorce. In any event, increased living expenses alone, without additional justification, do not constitute a "material change in circumstances" so as to warrant the modification a previous alimony judgment, especially when the expenses are increased as a result of the payee spouse's voluntary decisions. See Webb v. Webb, 780 So.2d 698
(Ala.Civ.App. 2000); and Stewart v. Stewart,536 So.2d 91, 92 (Ala.Civ.App. 1988).
Therefore, because there was no evidence of a material change in circumstances to warrant an alimony modification, the trial court's judgment increasing the amount of the former husband's periodic-alimony obligation is hereby reversed, and the cause is remanded for further proceedings.
The former wife's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., concurs specially, with writing, which BRYAN, J., joins.
[1] The record indicates that the former husband's income totaled $62,462. This amount is $1,816 more than the trial court's judgment finding the former husband's income to be $60,646. This difference can be accounted for by the following: (1) the trial court's judgment apparently misstated the amount the former husband receives in Social Security benefits as $8,696, when the record indicates that the amount is $8,796 ($733 per month x 12 months = $8,796); (2) the trial court's judgment approximated the former husband's income from his military retirement to be $30,000, when the former husband presented evidence indicating that his military retirement income is $30,648; and (3) the trial court's judgment apparently did not include the husband's disability income from the Department of Veteran's Affairs.